IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PRECIS GROUP, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 6-20-CV-00303-ADA |
| | § | |
| **TRACFONE WIRELESS, INC.,** | § | |
| *Defendant.* | § | |
| | § | |

## ORDER DENYING TRACFONE'S MOTION TO DISMISS OR TRANSFER

Before the Court is Defendant TracFone Wireless, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406 and Motion to Transfer pursuant to 28 U.S.C. § 1404 filed on June 22, 2020. Def.'s Mot., ECF. No. 12. After careful consideration of the Motions, the Parties' briefs, and the applicable law, the Court **DENIES** Defendant TracFone's Motion to Dismiss and Motion to Transfer.

### I. BACKGROUND

Plaintiff Precis Group, LLC filed a patent infringement complaint against Defendant TracFone Wireless, Inc. on April 21, 2020. Pl.'s Compl., ECF No. 1. Defendant filed a Motion to Dismiss or Transfer venue on June 22, 2020. Def's Mot., ECF No. 12. Precis and TracFone filed an Agreed Motion for Extension of Time to File Response/Reply on July 3, 2020. ECF No. 15. Plaintiff filed a response in opposition to the Motion to Transfer or Dismiss on July 10, 2020. Pl.'s Resp., ECF. No. 16. Defendant filed a reply to the response on July 14, 2020. Def.'s Reply, ECF No. 17.

TracFone is a Delaware corporation with its principal place of business in Miami, Florida, where it employs over 700 individuals. Def.'s Mot., Ex. 2 at ¶2. TracFone asserts it has no offices or employees in the state of Delaware. *Id.* TracFone's primary business is conducted through its website. *Id.* at ¶3. Aside from its website, TracFone claims it uses unaffiliated,

1

independently owned, third-party retailers to sell TracFone's product and services. *Id.* at ¶4. TracFone asserts that it only has one employee in the Western District of Texas who resides in Austin, Texas. *Id.* at ¶7.

This patent infringement suit arises from TracFone's alleged implantation of Precis's patented provisioning of prepaid mobile services. Pl.'s Compl. at ¶2. Precis alleges that TracFone has made, used, marketed, distributed, offered for sale, sold, and/or imported infringing products in the Western District of Texas. Pl.'s Compl. at 1–2. TracFone alleges that all of its employees knowledgeable about payment for mobile phone services are located at its headquarters in Miami, Florida. Def.'s Mot., Ex. 2 at ¶8. Additionally, TracFone asserts that the servers containing TracFone's computer and financial systems are located in Miami. *Id.*

Precis seeks to establish venue in the Western District of Texas under the patent venue statute by alleging that TracFone has a regular and established place of business in San Antonio, Texas. Pl.'s Compl. at ¶13. Precis also claims that TracFone's alleged infringement occurred at this San Antonio location in the Western District. *Id.*

Precis alleges that TracFone operates under the brand name "Total Wireless," located in San Antonio. Pl.'s Resp. at 2, 4. In other words, Precis alleges that Total Wireless is Defendant TracFone, Inc., d/b/a Total Wireless. *Id.* at 4. To support its allegations, Precis points to Total Wireless's website, which states that Total Wireless is merely "a brand of Tracfone Wireless Inc., d/b/a Total Wireless." *Id.* at 6. Additionally, Total Wireless's Terms and Conditions refers to its employees only as "Tracfone representative[s], officer[s], employee[s], [or] agent[s]." Finally, Precis alleges that TracFone owns the Total Wireless trademark, which is also stated on Total Wireless's website. *Id.*

## II. LEGAL STANDARD

**A. Federal Rule of Civil Procedure 12(b)(3)**

A party may move to dismiss based on improper venue pursuant to Rule 12(b)93). Fed. R. Civ. P. 12(b)(3). Once a defendant challenges venue, the burden of proof is on the plaintiff to establish that venue is proper in the district. *Slyce Acquisitions Inc. v. Syte – Visual Conceptions Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) (Albright, J). If venue is improper, the Court has broad discretion to dismiss the case, or in the interest of justice, transfer the case to any district where venue is proper. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

If there is no evidentiary hearing, a plaintiff carries its burden by presenting facts that, taken as true, would establish venue. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Plaintiff need only make a prima facie showing of jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F.App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted).

**B. 28 U.S.C. § 1400(b)**

The patent venue statute, 28 U.S.C. § 1400(b), is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Under 28 U.S.C. § 1400(b), there are two possible venues for a patent infringement action. Either: "where the defendant resides, or where the

3

defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

In order to have a "regular and established place of business," there must be: (1) a physical place in the district; (2) it must be a regular and established place of business; and, (3) it must be the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). The regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction, or for satisfying the doing-business standard of the general venue statute. *Id.* at 1361. In determining whether the defendant has an established place of business, each case depends on its own facts. *Id.* at 1362.

A "place" requires "[a] building or a part of a building set apart for any purpose" or "quarters of any kind" from which business is conducted. *Id.* A "regular" place of business is one that operates in a "steady[,] uniform[,] orderly[, and] methodical" manner." *Id.* An "established" place of business is one that is "settle[d] certainly, or fix[ed] permanently." *Id.* Finally, the regular and established place of business must be a place of the defendant. *Id.* Relevant inquires include whether the defendant lists the alleged place of business on a website or in a telephone or other directory; or whether the defendant places its name on a sign associated with or on the building itself. *Id.* at 1363–64. "However, the fact that defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location." *Id.* at 1364.

**C. 28 U.S.C. § 1406**

When venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1406 only permits dismissal when the venue is "wrong" or "improper"

4

in the forum in which it was brought. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex.*, 571 U.S. 49, 56 (2013).

**D. 28 U.S.C. § 1404(a)**

Under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *See Humble Oil & Ref. Co. v. Bell Marine Service, Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*") To show good cause means that a moving party in order to support its claim for a transfer, must clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (*quoting* 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If this requirement is met, the Fifth Circuit Court of Appeals has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing

witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (*citing to Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

A plaintiff's selection of venue is entitled to deference. *Vasquez v. El Paso II Enterprises, LLC*, 912 F. Supp. 2d 445, 447 (W.D. Tex. 2012) (citing *Volkswagen II*, 545 F.3d at 315 ("Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.")); *Stagecoach Puttters, LLC v. Taylor Made Golf Co., Inc.,* 2015 WL 11622483, at *2 (W.D. Tex. Jan. 26, 2015) (plaintiff's choice of forum is given "great deference").

Though given deference, courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10, 315 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315.

### III. ANALYSIS

Here, the threshold determination for the Court is whether venue is proper in the Western District of Texas. If venue is proper, the Court must then determine whether the Southern District of Florida is a more convenient venue such that the Court should transfer this case from the Western District of Texas.

6

**A. Motions to Dismiss for Improper Venue**

Precis does not dispute that the first prong of the patent venue statute is inapplicable. Pl.'s Resp. at 3. Thus, the Court's initial consideration is whether Precis has established proper venue under the second prong of 28 U.S.C. § 1400(b). Based on the reasoning below, the Court finds that Precis has pleaded sufficient venue facts to establish the Western District of Texas as a proper venue under the patent venue statute.

*i. 28 U.S.C. § 1400(b)*

Venue is proper under 28 U.S.C. § 1400(b) in either: (1) the judicial district where the defendant resides; or, (2) the judicial district where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Precis seeks to establish venue under the second prong by showing that TracFone has committed acts of infringement and has a regular and established place of business in the Western District of Texas. Pl.'s Resp. at 3.

Here, Precis alleges that TracFone has a regular and established place of business at 1825 SW Military Dr., San Antonio, TX 78221. *Id.* at 4. While TracFone disputes its ownership of the property, Precis alleges that the store belongs to TracFone's corporation, doing business under the assumed business name "Total Wireless." *Id.* at 4–5. Additionally, Total Wireless's terms and conditions agreement states that: "Total Wireless is a brand of TracFone Wireless, Inc. d/b/a Total Wireless." *Id.* at 6. Total Wireless holds itself out as a being owned by and essentially one and the same as TracFone. *Id*. Furthermore, TracFone is the owner of the Total Wireless

7

trademark. *Id*. Taken as true, Precis's allegations that Total Wireless owns and operates a store in San Antonio, Texas, and that TracFone does business as Total Wireless would be sufficient to establish that TracFone has a regular and established place of business in this district.

As Plaintiff argued, an allegation of infringement, even if contested, is sufficient to establish venue is proper. *Intellectual Ventures II LLC v. FedEx Corp.*, 2017 WL 5630023, at *8 (E.D. Tex. 2017); *See also In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) ("The issue of infringement is not reached on the merits in considering venue requirements."). Plaintiff alleges in its Complaint that Defendant "has made, used, marketed, distributed, offered for sale, sold, and/or imported infringing products in the State of Texas, including in this District, and engaged in infringing conduct within and directed at or from this District." Pl.'s Compl. at ¶ 12. With respect to acts of infringement, such an allegation, even if contested, is sufficient to establish venue pursuant to 28 U.S.C. § 1400(b). Thus, Plaintiff has met its burden of showing Defendant has committed acts of infringement in this District.

Because the court must take as true all the facts alleged by the plaintiff and resolve all doubts in its favor, Precis has pled sufficient venue facts to establish venue in the Western District of Texas under the patent venue statute. *See Braspetro*, 240 F.App'x at 615.

**B. Motion to Transfer**

The party seeking transfer bears the burden to show that transfer under § 1404(a). *Volkswagen II*, 545 F.3d at 314 (holding that the district court erred in requiring Volkswagen to show that the factors must "substantially outweigh" the plaintiff's choice of venue.). "He who seeks transfer must show good cause." *Id.* at 315. Good cause requires the party seeking transfer to satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of the parties and witnesses and in the interest of justice. *Id.* When the transferee venue is not

8

"clearly" more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. *Id.*

The question before the Court then, is whether the Southern District of Florida is clearly more convenient for the witnesses and the parties than the Western District of Texas such that, in the interest of justice, this Court ought to transfer this case. Based on the reasoning below, the Court is of the opinion that the Southern District of Florida is slightly more convenient, but not reach the level of clearly more convenient justifying transfer. Therefore, the Court denies TracFone's motion to transfer under 28 U.S.C. § 1404(a).

### *i. The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, 2019 WL 4743678, at *2. "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345). The Court finds that this factor weighs slightly in favor of transfer.

### *1. Witnesses Are Not Sources of Proof*

First, TracFone states that its witnesses and documents are located in the Southern District of Florida. Def.'s Mot. at 11. This Court, in following Federal Circuit precedent, has made clear that witnesses are not sources of proof to be analyzed under this factor. Under this factor, the Court considers only documents and physical evidence. *Kuster v. Western,* No. 6:20-cv-00563-ADA (W.D.T.X. February 9, 2021) ("witnesses are not sources of proof to be analyzed

under this factor."); *Netlist, Inc. v. SK hynix Inc. et al*, No. 6:20-cv-00194-ADA (W.D.T.X. February 2, 2021) ("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' *as opposed to witnesses.*") (emphasis added); *In Re Apple Inc.*, No. 2020-135, 2020 WL 6554063, at *4 (Fed. Cir. Nov. 9, 2020) ("[t]his factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence"); *Volkswagen II*, 545 F.3d at 315 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division"). Accordingly, while Precis does not specifically identify any witnesses, witnesses are more appropriately assessed under the second or third private factors and not under this factor.

*2. Location of Documents*

Second, the Parties' arguments regarding location of documents center around electronic documents. *See* Def.'s Mot at 11–12; *see also* Pl.'s Resp. at 9–10. Any documentary evidence pertinent to this action is being stored electronically. Pl.'s Resp. at 9–10. The servers containing Defendant's computers and financial systems are located in Miami. Pl.'s Resp. at 9. Under current Fifth Circuit precedent, the physical location of electronic documents does affect the outcome of this factor. *See Volkeswagen II*, 545 F.3d at 316.

Precis argues that the physical location of TracFone's servers has little significance as electronic documents can be "transmitted across state lines with relative ease." Pl.'s Resp. at 9. In several previous orders, this Court has lamented this factor as out of touch with modern patent litigation. *Fintiv*, 2019 WL 4743678, at *8; *Uniloc 2017 LLC v. Apple Inc.,* 6-19-CV-00532-ADA, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020). In those cases, the Court acknowledged that "all (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party produces these

10

documents." *Id.* There is no realistic difference in the relative ease of access to these electronic documents from the transferor district as compared to the transferee district since the documents are easily accessible electronically. Nevertheless, until the Fifth Circuit addresses the reality previously discussed, trial courts must continue to apply this factor consistent with current precedent. Fifth Circuit precedent establishes that TracFone, as the accused infringer, will likely have the bulk of the documents that are relevant in this case. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). While *Genentech* does not provide an accused infringer with a "built-in factor weighing in its favor," TracFone's servers are located in the Southern District of Florida with no data centers in this District. *See Uniloc USA, Inc. et al v. Apple Inc*, No. 2:17-cv-258, ECF No. 104, at 12 (E.D. Tex. Dec. 22, 2017). Therefore, the physical location of TracFone's electronic documents is the Southern District of Florida. As such, this factor weighs in favor of transfer.

As TracFone is the accused infringer, TracFone likely possesses the bulk of the relevant documents for this case. *See Solas OLED Ltd. v. Apple Inc.*, 2020 WL 3440956 at *3 (W.D. Tex. June 23, 2020) (Albright, J.). Consequently, the place where TracFone's documents are kept weighs in favor of transfer to that location. *See In re Genentech, Inc.*, 566 F.3d at 1345. TracFone alleges that its documents are kept in the Southern District of Florida. Def.'s Mot., Ex. 2. Therefore, this factor weighs slightly in favor of transfer.

*ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses*

"In this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be

11

secured by a court order." *Fintiv*, 2019 WL 4743678, at *5 (citing *Volkswagen II*, 545 F.3d at 316); *Uniloc,* 2020 WL 3415880, at *10. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x. 886, 889 (Fed. Cir. 2014). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). As party witnesses almost invariably attend trial willingly, "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-cv-00513 (W.D. Tex. Mar. 17, 2020) (citation omitted). Moreover, the ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

"When no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006). Here, neither party has alleged any unwilling witnesses. However, Precis has pointed out several non-party witnesses, including: (1) the attorney who prosecuted the disputed patents, who resides in Scottsdale, Arizona; and, (2) the inventor of the patents, who resides in Mankato, Minnesota. Pl.'s Resp. at 12.

Here, both the Western District of Texas and the Southern District of Florida are more than 100 miles from Arizona and Minnesota. Because the two non-party witnesses asserted by

12

Precis are not subject to the subpoena power of this Court or the Southern District of Florida, this factor is neutral.

### *iii. The Cost of Attendance for Willing Witnesses*

The convenience of witnesses is the single most important factor in the transfer analysis. *In re Genentech*, 566 F.3d at 1342. The court considers *all* potential material and relevant witnesses. *Solas*, 2020 WL 3440956, at *6. The convenience of party witnesses is given relatively little weight compared to non-party witnesses. *Id.* The inconvenience of party witnesses may have little weight, but the court will consider party witnesses. *Id.* Venue need not be convenient for all witnesses. *In re Genetech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

Here, TracFone's employees with knowledge of the alleged infringement all work at TracFone's headquarters in Miami. Def.'s Mot, Ex. 2 at ¶8. TracFone asserts that the majority of the trial witnesses will come from TracFone but focuses on four party witnesses. Def's Mot. at 12. This Court assumes that no more than a few party witnesses will testify, and long lists of potential party witnesses do not impact its analysis. *Kuster v. Western,* No. 6:20-cv-00563-ADA (W.D.T.X. February 9, 2021); *STC.UNM v. Apple Inc.*, No. 6:19-cv-428-ADA, 2020 WL 4559706, at *6 (W.D. Tex. Apr. 1, 2020).

On the other hand, Precis has identified two non-party witnesses: the prosecuting attorney for the patents-in-suit, and a named inventor of the patents-in-suit. Pl.'s Resp. at 12. Although the TracFone's party witnesses reside in Florida, there are highly relevant non-party witnesses who reside outside both Districts. The Court must give more weight to the convenience of these non-party witnesses. *See Solas*, 2020 WL 3440956 at *6.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in

direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. Precis identified non-party witnesses who would have to travel from Scottsdale, Arizona and Mankato, Minnesota. Pl's. Resp. at 12. If this Court were to transfer this case to the Southern District of Florida, the distance that the non-party witness from Arizona would have to travel would more than double and the distance that the non-party witness from Minnesota would have to travel would nearly double. In applying the Fifth Circuit's 100-mile rule, doubling the distance traveled would double the inconvenience to the non-party witnesses.

The Court gives significantly more weight to the inconvenience of non-party witnesses, and because the inconvenience posed to the non-party witnesses in traveling to the Southern District of Florida is twice that of traveling to the Western District of Texas, the cost of attendance for willing witnesses factor weighs against transfer.

### *iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

TracFone asserts that there are no other factors that make this District more convenient than the Southern District of Florida. Def.'s Mot. at 13. However, TracFone also do not point to any factors that make the Southern District of Florida more convenient. *Id.* Precis fails to address this factor in its briefings. Pl.'s Resp. As such, the Court finds this factor neutral.

### *v. Administrative Difficulties Flowing From Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved when applying the transfer for convenience analysis. *Genentech*, 566 F.3d at 1347. However, this factor is the most speculative, and cannot outweigh other factors. *Id.*

Precis argues that this factor does not favor transfer because this Court has substantial expertise and special guidelines for patent litigation which speed such cases to trial. Pl.'s Resp. at

13. TracFone alleges that this factor favors transfer because the Southern District of Florida's time to trial is 15.8 months while this District's time to trial is 27.9 months. Def.'s Mot. at 14.

Precis responds to TracFone's argument with its assertion that reliance upon general statistics provides the Court with "little guidance with respect to the speed with which patent cases reach trial. Pl.'s Resp. at 13; *Motion Games LLC v. Nintendo Co.*, No. 6:12-cv-878-LED-JDL, 2014 U.S. Dist. Lexis 188044, at *29 (E.D. Tex. Mar. 28, 2014). In *Motion Games*, the Eastern District found this factor to be neutral even though statistically the transferee Court was 3.2 months faster. *Id.*

TracFone incorrectly cites to *Auto-Dril, Inc. v. National Oilwell Varco, L.P.*, stating "even a three month difference has been found in this District to *weigh in favor of transfer*." Def.'s Mot. at 14 (emphasis added). In *Auto-Dril,* this Court found that the administrative difficulties factor weighed slightly *against transfer* because the transferee court had more cases pending and filed and a longer time to trial than this Court. *Auto-Dril, Inc. v. National Oilwell Varco, L.P.,* 2016 WL 6909479, at *4 (W.D. Tex. Jan. 28, 2016) (Manske, M.J.). However, this Court did take note that even a time period as short as three-months can have an effect on the disposition of this factor. *Id.*

While this time difference is not insignificant, this factor is the most speculative and will generally not outweigh the other factors. *See Motion Games*, 2014 U.S. Dist. Lexis 188044, at *29; *Genentech*, 566 F.3d at 1347. The Court finds that this factor weighs slightly in favor of transfer.

*vi. Local Interest in Having Localized Interests Decided at Home*

The Court must also consider the local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the

litigation." *Volkswagen I*, 371 F.3d at 206. The location of the alleged injury is an important consideration in determining how to weigh this factor. *Frito-Lay N. Am., Inc.*, *v. Medallion Foods, Inc.*, 867 F. Supp. 2d at 859, 872 (E.D. Tex. 2012) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)).

Precis argues that the local interest is neutral because, when an allegedly infringing product is offered nationwide, no venue can claim a substantial interest. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); Pl.'s Resp. at 14. TracFone responds that Precis has accused it of infringing on a process, that is, provisioning of prepaid mobile services, rather than a product and that TracFone uses its payment method or system in Miami. *See* Def.'s Reply at 5.

TracFone relies on *NTP, Inc. v. Research in Motion, Ltd.*, where the Federal Circuit held that "a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized" and that a process "cannot be used within [a place] unless each of the steps is performed within [that place]." 418 F.3d 1282, 1317–18. While this statement is generally true to establish actual infringement of a patent for a method or process, in the context of venue, all steps of a method or process need not have occurred within the forum. *See e.g.*, *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 943 (E.D. Tex. 2018); *Blackbird Tech LLC v. Cloudfare, Inc.*, 2017 WL 4543783, at *4 (D. Del. 2017) (mem. op.). Courts have found that if at least one step of the alleged infringement was performed in the district that is sufficient to establish venue. *Seven Networks*, 315 F. Supp. 3d at 944–45. Therefore, the holding of *NTP* impacts the venue determination and whether to transfer due to a local interest of the forum. Because TracFone utilizes the allegedly infringing process throughout the nation, the Court finds that the local interest factor is neutral.

*vii. Familiarity of the Forum With the Law That will Govern the Case*

The parties agree this factor is neutral. Def.'s Mot. at 15; Pl.'s Resp. at 15.

*viii. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

The parties agree this factor is neutral. Def.'s Mot. at 15; Pl.'s Resp. at 15.

## V.  CONCLUSION

Based on the foregoing, venue is proper in the Western District of Texas. Therefore, the Court **DENIES** TracFone's Motion to Dismiss.

The Court finds that the ease of access to relevant sources of proof and the court congestion factors weigh slightly in favor of transfer, the cost of attendance of willing witnesses weighs against transfer, and all other factors are neutral. The Court notes that the convenience of witnesses is the single most important factor in the transfer analysis and that the court congestion factor is the most speculative and cannot outweigh the other factors. *In re Genentech*, 566 F.3d at 1342, 1347. As such, the Court finds that TracFone has not met its significant burden to demonstrate that the Southern District of Florida is "clearly more convenient." *See Volkswagen II*, 545 F.3d at 314 n.10, *QR Spex*, 507 F.Supp.2d at 664. Therefore, the Court **DENIES** TracFone's Motion to Transfer.

SIGNED this 11th day of March, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE