**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1:21-cv-21541-GAYLES/Torres**

PRECIS GROUP LLC,

     *Plaintiff*,

v.

TRACFONE WIRELESS, INC.,

     *Defendant*.

_____/

**TRACFONE'S MOTION FOR A *MARKMAN* HEARING**

Defendant/Counter-Plaintiff TracFone Wireless, Inc. ("TracFone") moves for a *Markman*

Hearing for this Court to determine constructions for terms in the patents in issue in this case.

This is a patent infringement case brought by Plaintiff Precis Group LLC ("Precis") based

on United States Patent Nos. 9,813,564 (the "'564 Patent"), 10,057,432 (the "'432 Patent"),

10,218,859 (the "'859 Patent"), and 10,594,873 the ("'873 Patent") (the "Patents-in-Suit"). The

case was transferred to this Court after the Court in the Western District of Texas ("WDTX") had

issued a *Markman* decision. (*See* ECF 41 (issued on December 30, 2020)).

As detailed below, a new *Markman* Hearing[1] is required because the WDTX Court only

issued an order with the claim constructions themselves, without any reasoning as is required.

Further, the WDTX Court itself said that in deciding the *Markman* constructions "I am not sure

I'm doing the right thing" and said he would take up a *Markman* issue again later. *See* ECF No.

44 (December 29, 2020 Transcript) at 22:17-18.

Such a *Markman* Hearing would not pose an undue burden on this Court or on the parties.

The *Markman* positions of both parties have been fully briefed and the parties have already agreed

---

[1] A "*Markman* proceeding is a process by which the Court determines the meaning of the terms in the claims. *Markman v Westview Instruments, Inc*., 517 U.S. 370 (1996).

to six of the constructions required, and it is believed the parties could narrow the five remaining

constructions even further. In addition, the parties have already agreed to rely on the declarations

already submitted and that no evidentiary hearing is required. Thus, it is believed that a hearing

would require only an hour or less. And, such a hearing would benefit the Court by explaining the

four Patents-in-Issue.

**BACKGROUND**

This is a patent infringement action based on four Patents-in-Suit. This action was originally

brought in the WDTX and venue was transferred to this Court by the Federal Circuit based on a

mandamus decision. Before the transfer, the WDTX Court ordered briefing on the *Markman* issues

(ECF 22) and held a *Markman* Hearing (ECF 40) and issued a *Markman* decision (ECF 41).[2]

The *Markman* issues are therefore fully briefed (*See* ECF 28, 29, 31, 32, 33, and 34) with

no additional work required. Further, the parties have already agreed that the *Markman* Hearing

would only be argument, and that live witnesses would not be required. (*See* ECF 37).

The *Markman* decision by the WDTX reflected that six of the claim construction issues

had been agreed to by the parties and that there were only five issues which were disputed. (*See*

ECF 41). Further, the *Markman* decision merely gave the claim constructions without any

reasoning as to how the Court came to those constructions. (*See id.*).

At the *Markman* Hearing, the WDTX Court pointed out that *Markman* decisions would

need to be revisited, stating:

> I'll be honest, I'm not sure I'm doing the right thing. I think your arguments were
> very persuasive about it being indefinite, but I think it's something that I can take

---

[2] The Federal Circuit held "that the circumstances here are comparable to those in *Google,*" where
it held that proceeding with the case and a Markman proceeding before dealing with the transfer
motion amounted to an abuse of discretion. *See In re TracFone Wireless, Inc.*, No. 2021-118, Slip
Op. at 4 (Fed. Cir. March 8, 2021) (citing *In re Google*, No. 2015-138, 2015 WL 5294800 (Fed.
Cir. Jul. 16, 2015).

up at summary judgment if I need to.

ECF No. 44, at 22:17-20.

## A FURTHER *MARKMAN* HEARING IS REQUIRED

The *Markman* Order of the WDTX Court merely supplied the conclusions—the

constructions themselves—without providing any reasoning behind its determinations. (*See* ECF

41). As a result, the Order lacks the details required by the Federal Circuit to properly review the

Court's *Markman* Order. As explained by the Sedona Conference:[3]

> Legally, the law requires that a district court provide sufficient reasons to enable
> the Federal Circuit to review the construction. Recently, the Federal Circuit
> instructed that even though it reviews a district court's claim construction de novo,
> in its role as an appellate court, it relies on the district court's initial analysis of the
> claim construction issues and does not view itself as performing the function of
> rendering an independent first analysis when it reviews claim constructions.
>
> Accordingly, where a district court's claim construction fails to identify the reasons
> as to why the court reached a particular claim construction in a sufficient manner
> for the Federal Circuit to review the construction, the Federal Circuit may simply
> vacate the claim construction ruling and remand for the district court to redo the
> construction and provide more detailed reasons for its construction.

*See* The Sedona Conference, *Report on the Markman Process*, 7 SEDONA CONF. J. 205 at 221 –

2, (2006) (footnotes omitted), a copy of which is attached as **Exhibit 1.** *See also Nazomi*

*Communications, Inc. v. ARM Holdings, PLC.*, 403 F.3d 1364, 1371 (Fed. Cir. 2005) (cited therein).

While this was true in 2006 when this Report was made, it is even more true today. In 2006,

the Federal Circuit reviewed *Markman* constructions de novo. However, since then, the Supreme

Court has held that, while the entire *Markman* decision is reviewed de novo, the factual

---

[3] Judges in this District frequently rely on Sedona Conference publications on various topics. *See,*
*e.g. UnitedHealthcare of Florida, Inc. v. Am. Renal Associates LLC*, 2017 WL 4785457, at *3
(S.D. Fla. Oct. 20, 2017) (Matthewman, J.) (describing the Sedona Conference Institute as "well-
respected.") and *Incardone v. Royal Carribean Cruises, Ltd.*, 2019 WL 3779194, at *23 (S.D.
Fla. Aug. 12, 2019) (Goodman, M.J.) (noting that the "Sedona Conference [is] a research and
educational institute composed of leading judges, attorneys, academics and experts….").

determinations made in *Markman* by the district court are reviewable for clear error. *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.,* 574 U.S. 318, 322 (2015). Thus, for proper review, the Federal Circuit needs to know what factual determinations were made below in arriving at the claim constructions.

In this case, both parties submitted declarations regarding the meaning of two of the terms the WDTX Court constructed. Logically, the WDTX Court used some of the information in those declarations and rejected other information. An explanation of what information in the declarations was accepted and relied on and why the Court came to that reliance is required for the Federal Circuit to know the standard of review and properly review the *Markman* decision in this case.[4]

The need for the explanations is also that the parties have a right to understand the reasoning behind the *Markman* constructions. *See MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323, 1329 (Fed. Cir. 2005) *rev'd on other grounds*, 547 U.S. 388 (2006) ("A district court's *Markman* order is an explanation to the parties of the reasoning behind its claim construction.").

In addition, a further *Markman* hearing is required because the WDTX Court recognized that it would likely be required to revisit the *Markman* decisions it made. Specifically, TracFone argued that two terms were indefinite: "prepaid management center (PMC)" and "secure payment system account (SPS account)." While the WDTX found these arguments were "very persuasive," it was reluctant to hold the two terms indefinite at this stage because that determination would invalidate the Patents-in-Issue and end the case. (December 29, 2020 Tr. at 22:19-20).

While the WDTX Court indicated it could revisit the issue at summary judgment, that is not the preferred process nor the just process. As explained by the Sedona Conference, waiting

---

[4] Previously, the Federal Circuit stated that it "rarely" remands *Markman* decisions. *Nazon*i, 403 F.3d 1364 at 1371.  However, that was before the Supreme Court required the Federal Circuit to review factual determinations for clear error.

until summary judgment is "not wise." *Sedona* at 216. In fact, the Sedona Conference recommends that the *Markman* decision be made after the parties have had the benefit of some discovery relevant to the issues but with discovery still open so that some discovery can be taken with the *Markman* determinations in mind. *Id.* at 214 – 215.

Here the parties have had the relevant discovery; the WDTX Judge's Standing Order Governing Proceedings in Patent Cases purposely provided for such initial discovery so that the parties have the discovery required for the *Markman*. *See* **Exhibit 2 (**the Standing Order in effect for this case at the time of the *Markman*). Specifically, it requires:

> Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe.

(*Id*. at Paragraph 6).

In this case, delaying the *Markman* hearing is also not in the interest of justice. This Court has all the information and evidence required to issue its *Markman* decision. If the determination of this Court is that the two terms are indefinite—and, as the WDTX stated, the argument that they are indefinite is "very persuasive"—then the patents are invalid and the case is at an end. It is not in the interest of justice for the parties to engage in discovery and expert reports and summary judgment if this case can be resolved now. Further, it is in the interest of the Court not to have to deal with discovery disputes, *Daubert* motions, and summary judgment if this case can be determined now.

Lastly, the effort on the part of the parties and the Court are not great to have the *Markman* hearing now. The parties have already completed the briefing required for the hearing. Further, there are only five terms required to be constructed – and it is believed that the parties can narrow those

terms even further. No evidentiary hearing is required – as agreed to by the parties. (*See* ECF 37). As detailed above, if the terms are held indefinite, the parties and the Court will save significant effort. But even if the terms are not held indefinite, the Court will benefit from an explanation of the patents at the hearing; that understanding will help the Court in later proceedings in the case.

**CONCLUSION**

In sum, a further *Markman* is required, and it is in the interest of justice that it take place now. A proposed order is attached as **Exhibit 3**.

**S.D. FLA. L.R. 7.1(A)(3) CERTIFICATION**

Undersigned counsel for TracFone certifies that prior to this motion be made, an attempt to reach agreement on the relief requested was made with counsel for Plaintiff Precis. However, Precis opposes the issuance of the requested relief.

By: /s *Aaron S. Weiss*
Aaron S. Weiss (FL Bar #48813)
Email: aweiss@carltonfields.com
Carlton Fields, P.A
700 N.W. 1st Ave, Ste. 1200
Miami, Florida 33131
T: 305.530.0050

Ethan Horwitz (admitted *pro hac vice*)
Email: ehorwitz@carltonfields.com
Carlton Fields, P.A
405 Lexington Avenue, 36th Floor
New York, New York 10174
T: 212.380.9617

J. Coy Stull (FL Bar #15764)
Email: jstull@carltonfields.com
Carlton Fields, P.A.
4221 W. Boy Scout Blvd, Suite 1000
Tampa, Florida 33607
T: 813.223.7000

*Attorneys for Defendant TracFone*